**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TSYVKIN MUSYA, on behalf of herself and all others similarly situated, | Civil Case No.:_____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |
| MCS CLAIM SERVICES, INC.; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, TSYVKIN MUSYA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, MCS CLAIM SERVICES, INC. (hereinafter "MCS"); and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.      The Plaintiff alleges that MCS' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)(e).

4.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be Judged from the standpoint of the "least sophisticated consumer" *Clomon* v. *Jackson,* 988 F.2d 1314 (2d Ctr. 1993).

5.      To prohibit deceptive practices, the FDCPA, at 1S U S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ I692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations concerning the character, amount, or legal status of any debt, IS U.S C. §1692e(2)(A); false representation concerning any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt, 15 U S.C. §1692e(2)(B); threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. §1692e(5): and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § l692e(10).

6.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f(l )-(8).

7.     To protect the interests of consumers, the New York State Legislature through NY GBL § 349 has authorized individuals to act as private attorney generals by filing claims asserting violations of any acts or statutes by, e.g. a corporation.

8.     The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, injunctive relief, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, NY GBL § 349, and all other applicable common law or statutory regimes.

9.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

11.     Venue is proper in this district under 28 U.S.C. § 1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## PARTIES

12.     Plaintiff is a natural person and a resident of the County of Kings, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

13.     MCS maintains an office at 123 Frost Street, Suite 202, Westbury, New York 11590-5027.

14.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## ALLEGATIONS OF FACT

15.     At all times relevant, the principal purpose of MCS was the collection of debts using the mails and telephone.

16.     At all times relevant, MCS regularly attempted to collect debts alleged to be due to another.

17.     At all times relevant, MCS regularly collected or attempted to collect debts due or alleged to be due another.

18.     At all times relevant, MCS regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

19.     At all times relevant, MCS used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts due or alleged to be due another.

20.     At all times relevant, MCS used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

21.     At all times relevant, the principal business engaged in by MCS was the collection of debts, which debts were incurred primarily for personal, family or household purposes.

22.     MCS is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

23.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.     Plaintiff and others similarly situated are consumers as they are natural persons allegedly obligated to pay a debt, in, which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

25.     On or about February 10, 2015, Plaintiff incurred a financial obligation to MAIMONIDES MEDICAL CENTER.

26.     Prior to September 11, 2015, the obligation to MAIMONIDES MEDICAL CENTER went into default.

27.     At some time prior to September 11, 2015, the Plaintiff's debt to MAIMONIDES MEDICAL CENTER was placed with MCS for the purposes of collection.

28.     At the time the MAIMONIDES MEDICAL CENTER obligation was place with MCS the debt was in default.

29.     MCS sent Plaintiff a letter dated September 11, 2015, a copy of which is attached as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

30.     Upon receipt, Plaintiff read the September 11, 2015 letter.

31.     MCS' September 11, 2015 letter was an attempt to collect an amount allegedly due to MAIMONIDES MEDICAL CENTER.

32.     MCS' September 11, 2015 letter stated that the amount that Plaintiff owed

MAIMONIDES MEDICAL CENTER was $50.29.

33.     The September 11, 2015 stated in the second paragraph:

> IF YOU HAVE PAID THIS BALANCE PLEASE
> FILL IN THE APPROPRIATE INFORMATION
> REQUESTED BELOW AND RETURN THE
> ENTIRE LETTER TO US IN THE ENCLOSED
> ENVELOPE.  IF YOU HAVE NOT PAID THIS
> BALANCE PLEASE SEND YOUR PAYMENT SO
> THE ACCOUNT CAN BE CLOSED.

34.     The third paragraph of the September 11, 2015, stated in part:

> UNLESS YOU WITHIN THIRTY (30) DAYS
> AFTER RECEIPT OF MCS CLAIM SERVICES,
> INC. INITIAL WRITTEN NOTICE TO YOU
> CONCERNING THIS DEBT, DISPUTE THE
> VALIDITY OF THE DEBT, OR ANY PORTION
> THEREOF, THE DEBT WILL BE ASSUMED TO
> BE VALID BY MCS CLAIM SERVICES, INC....

35.     At the bottom of the September 11, 2015 letter provided the information

requested section, referenced in paragraph of the letter, which stated:

MCS CLAIM SERVICES

DEBTOR #: xxxxxxxxxx  REFERRAL DATE: 09-02-15  99851
PATIENT'S NAME:................................ DATE OF BIRTH:......................................
SOC. SEC.#................................................HOME TELE # ............................................
NAME OF POLICYHOLDER IF DIFFERENT THAN PATIENT:...............................
NAME OF INSURANCE CO: ..................................................TELE # ......................
ADDRESS OF INS. CO.: ...................................................................................
BLUE CROSS / BLUE SHIELD I.D. # ....................................GROUP # ...................
MEDICAID CASE # ............................................................. LINE # .....................
SUPPLEMENTAL INS # ...........................................................

36.     Within the period beginning on the day one year prior to the date this Complaint is

filed to the present, MCS sent collection letters attempting to collect debts on behalf of

MAIMONIDES MEDICAL CENTER to more than 50 consumers residing within the State of New York, which contained the same as or similar to language to the September 11, 2015 letter.

37.     MCS knew or should have known that its actions violated the FDCPA.

38.     MCS could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

40.     This Action is properly maintained as a class action.  The Class is initially defined as follows:

> All New York consumers who were sent letters and/or notices from MCS, concerning a debt owed to MAIMONIDES MEDICAL CENTER which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.  The Class period begins one year to the filing of this Action.

The class may be subsequently refined. Specifically excluded from this class is any Judge presiding over this Action and members of their immediate families.

41.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

42.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

43.     There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals.  These common questions include, but are not limited to:

        a.     Whether Defendant violated various provisions of the FDCPA;

        b.     Whether Plaintiff and the Class have been injured by Defendants' conduct;

        c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

44.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  While the economic damages suffered by the individual class members are significant, the amount may be modest compared to the expense and burden of individual litigation. Additionally, the FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

45.     The claims of the Plaintiff are typical of the claims of the members of the Class.

46.     The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

47.     Plaintiff does not have interests antagonistic to those of the Class.

48.     The Class, of which Plaintiff is a member, is readily identifiable.

49.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel has investigated and identified potential claims in the action; has a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

50.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for MCS in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

51.     MCS has acted or refuse to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## POLICIES AND PRACTICES COMPLAINED OF

53.     It is MCS' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Sending collection letters, which are designed to overshadow the consumer notice informing the consumer of the right to dispute the alleged debt.

(c)     Sending collection letters, which are designed to confuse the least sophisticated consumer at to what she must do to effectively dispute the alleged debt.

(d)     Using unfair or unconscionable means to collect or attempt to collect any debt.

(d)     Depriving consumers of their right to receive the necessary and accurate information as to how to dispute the alleged debt.

(e)     Causing consumers to suffered a risk of economic injury.

## FIRST CLASS COUNT

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(3)

54.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

55.     MCS violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56.     MCS violated 15 U.S.C. § 1692g of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and others similarly situated.

57.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

58.     Section 1692g(a)(3) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing --- a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or

any portion thereof, the debt will be assumed to be valid by the debt collector ---

59.    The September 11, 2015 stated in the second paragraph:

> IF YOU HAVE PAID THIS BALANCE PLEASE FILL IN THE APPROPRIATE INFORMATION REQUESTED BELOW AND RETURN THE ENTIRE LETTER TO US IN THE ENCLOSED ENVELOPE.  IF YOU HAVE NOT PAID THIS BALANCE PLEASE SEND YOUR PAYMENT SO THE ACCOUNT CAN BE CLOSED.

60.    The information request section at the bottom of the letters states:

MCS CLAIM SERVICES

DEBTOR #: xxxxxxxxxx  REFERRAL DATE: 09-02-15  99851
PATIENT'S NAME:................................ DATE OF BIRTH:.......................................
SOC. SEC.#..............................................HOME TELE # .............................................
NAME OF POLICYHOLDER IF DIFFERENT THAN PATIENT:...............................
NAME OF INSURANCE CO: ...................................................TELE # .......................
ADDRESS OF INS. CO.: .................................................................................................
BLUE CROSS / BLUE SHIELD I.D. # ....................................GROUP # ...................
MEDICAID CASE # ................................................................ LINE # ......................
SUPPLEMENTAL INS # ...........................................................

61.    The least sophisticated consumer upon reading the September 11, 2015 letter from MCS will be confused as to method required to effectively dispute the alleged debt.

62.    Upon reading paragraph two of the September 11, 2015 letter from MCS, the least sophisticated consumer would believe that she did not owe the alleged because she had already paid it, that in order to effectively the debt, she would be require to provide the information requested by MCS at the bottom of the letter, when in fact all she has to so is simply call MCS and state that she dispute the alleged debt.

63.     The September 11, 2015 letter misleads the least sophisticated consumer that she can only dispute by completing a form and provided personal information such as her social security number, home telephone number and date of birth.

64.     MCA violated Section 1692g et seq. of the FDCPA by providing instructional language, which is confusing and makes the least sophisticated consumer uncertain as to what she must do to effectively dispute the alleged debt.

65.     The violations of the FDCPA described herein constitute *per se* violations.

66.     Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information relating to their right to dispute an alleged debt and to invoke the consumer protections provided for by such dispute.

67.     The deprivation of certain information relating to the consumers' right to dispute and alleged debt constitutes a sufficiently distinct injury to Plaintiff and the class.

68.     The deprivation of certain information relating to the consumers' right to dispute and alleged debt creates a cognizable injury-in-fact to Plaintiff and the class members.

69.     Plaintiff suffered an informational injury due to MCS' violation of 15 U.S.C. § 1692g(a)(3) of the FDCPA in connection with its communications of September 11, 2015 to Plaintiff.

70.     Plaintiff suffered a risk of economic injury due to MCS' violation of 15 U.S.C. § 1692g(a)(3) of the FDCPA in connection with its communications of September 11, 2015 to Plaintiff.

**SECOND CLASS COUNT**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

71.     Plaintiff repeats the allegations contained in paragraphs 1 through 70 as if the same were here set forth at length.

72.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

73.     MCS violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer what she must do effectively dispute the alleged debt.

74.     The September 11, 2015 letter misleads the least sophisticated consumer that she can only dispute by completing a form and provided personal information such as her social security number, home telephone number and date of birth.

75.     Upon reading paragraph two of the September 11, 2015 letter from MCS, the least sophisticated consumer would believe that she did not owe the alleged because she had already paid it, that in order to effectively the debt, she would be require to provide the information requested by MCS at the bottom of the letter, when in fact all she has to so is simply call MCS and state that she dispute the alleged debt.

76.     Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information relating to their right to dispute an alleged debt and to invoke the consumer protections provided for by such dispute.

77.     The deprivation of certain information relating to the consumers' right to dispute and alleged debt constitutes a sufficiently distinct injury to Plaintiff and the class.

78.     The deprivation of certain information relating to the consumers' right to dispute and alleged debt creates a cognizable injury-in-fact to Plaintiff and the class members.

79.     Plaintiff suffered an informational injury due to MCS' violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications of September 11, 2015 to Plaintiff.

80.     Plaintiff suffered a risk of economic injury due to MCS' violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications of September 11, 2015 to Plaintiff.

38.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: July 16, 2016

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
555 Fifth Avenue, Suite 1700
New York, New York 10027
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

# M C S Claim Services, Inc.

**123 FROST STREET, SUITE 202, WESTBURY, NEW YORK 11590-5027**
**(516) 338-1100  NEW YORK 1-800-406-1173   NEW JERSEY 1-800-242-1202**

```
*******************AUTO**3                          09-11-15
TSYVKIN, MUSYA                    ▓▓▓▓▓     PATIENT:  TSYVKIN, MUSYA
▓▓▓▓▓▓▓▓▓▓▓▓▓▓                               SERV DATE: 02-10-15  02-10-15
                                  ▓▓        FILE NO:  ▓▓▓▓▓▓
```

                                        BAL.DUE:     50.29
                                        SERVICE: MAIMONIDES MEDICAL CENTER

DEAR MUSYA TSYVKIN :

WE ARE ASSISTING MAIMONIDES MEDICAL CENTER IN THE AUDITING OF THEIR
ACCOUNTS RECEIVABLE.  ACCORDING TO THEIR RECORDS THE ABOVE BALANCE,
WHICH REPRESENTS YOUR DEDUCTIBLE AND/OR THE TWENTY (20)PERCENT NOT
COVERED BY MEDICARE IS STILL DUE.

IF YOU HAVE PAID THIS BALANCE PLEASE FILL IN THE APPROPRIATE IN-
FORMATION REQUESTED BELOW AND RETURN THE ENTIRE LETTER TO US IN
THE ENCLOSED ENVELOPE.IF YOU HAVE NOT PAID THIS BALANCE PLEASE SEND
YOUR PAYMENT SO THE ACCOUNT CAN BE CLOSED.

UNLESS YOU WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF MCS CLAIM
SERVICES, INC. INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT,
DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL
BE ASSUMED TO BE VALID BY MCS CLAIM SERVICES, INC. IF YOU NOTIFY MCS CLAIM
SERVICES, INC. IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD
THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, MCS CLAIM SERVICES, INC.
WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGEMENT
AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGEMENT WILL BE MAILED
TO YOU BY MCS CLAIM SERVICES, INC UPON YOUR REQUEST WITHIN
THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, MCS CLAIM SERVICES,INC. WILL
PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF
DIFFERENT FROM THE CURRENT CREDITOR.

THANK YOU FOR YOUR COOPERATION IN RESOLVING THIS MATTER.
                              VERY TRULY YOURS,
                              JOHN PARKER

                     MCS CLAIM SERVICES1
DEBTOR #: ▓▓▓▓▓▓▓    REFERRAL DATE: 09-02-15 99851
PATIENT`S NAME:.................DATE OF BIRTH:..................
SOC. SEC.#:....................HOME TELE.#:...................
NAME OF POLICYHOLDER IF DIFFERENT THAN PATIENT:...................
NAME OF INSURANCE CO:......................TELE.#:............
ADDRESS OF INS. CO.:...............................................
BLUE CROSS/BLUE SHIELD I.D.#:................GROUP #:...........
MEDICAID CASE #:...........................LINE #:...........
SUPPLEMENTAL INS.#:........................
licensed by the City of New York, Department of Consumer Affairs, license # 0808886-DCA.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE ONLY.**